UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
GLOBAL EDUCATION SERVICES,          )
INC.                                )     No. C09-944RSL
                  Plaintiff,        )
      v.                            )
                                    )     ORDER TO SHOW CAUSE
INTUIT, INC.                        )
                  Defendant.        )
                                    )
_____)

This matter comes before the Court *sua sponte*. In light of the split in this district, evidenced in Judge Zilly's decision in <u>Williams v. MCImetro Access Trans. Servs. LLC</u>, No. C08-82TSZ (W.D. Wash. Jan 8, 2008) and Judge Robart's December 7, 2009 order in <u>Palmer v. Sprint Nextel Corp.</u>, C09-1211JLR, on the strictly legal question of whether RCW 80.36.400 is preempted by the Telephone Consumer Protection Act of 1991, the parties are ORDERED to show cause by February 24, 2010 why this case should not be stayed pending the resolution of the appeal in <u>Williams</u>, Case No. 08-36042, *appeal docketed* (9th Cir. Dec. 17, 2008) in which, on December 8, 2009, the Ninth Circuit Court of Appeals heard oral argument on the same preemption question.[1]

---

[1] Granting a stay is proper where it will avoid conflicting opinions, promote judicial efficiency, and preserve the resources of the litigants, all without unduly prejudicing either party's interests. 5A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> §

ORDER

1 | Both parties' responses to this Order shall be due Wednesday, February 24, 2010. The Clerk of
2 | Court is directed to note this Order to Show Cause for Friday, February 26, 2010.
3 | DATED this 25th day of January, 2010.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

1360 (3d ed. 2004). <u>See</u> <u>also</u> <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").