THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLOBAL EDUCATION SERVICES, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>INTUIT INC., et al.<br><br>　　　　　　　Defendants. | No. C09-0944 RSL<br><br>ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, NOTICE TO CLASS MEMBERS, AND SCHEDULING FAIRNESS HEARING FOR FINAL APPROVAL OF SETTLEMENT |

　　　　Plaintiff's Unopposed Motion Seeking an Order Preliminarily Approving Class Action Settlement, Notice to Class Members, and Scheduling a Fairness Hearing for Final Approval of Settlement has come before this Court (the "Motion for Preliminary Approval"). The parties have agreed, subject to final approval by this Court following notice to the Class, to settle this action upon the terms and conditions set forth in the Stipulation of Class Action Settlement and Release (the "Settlement Agreement") dated May 24, 2011 (Docket No. 77). The Court has reviewed the Settlement Agreement (including all exhibits attached thereto), the Motion for Preliminary Approval, as well as all files, records, and proceedings to date in this matter, and the Court now **FINDS, CONCLUDES AND HEREBY ORDERS AS FOLLOWS**:

ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, NOTICE TO CLASS MEMBERS, AND
SCHEDULING FAIRNESS HEARING FOR FINAL
APPROVAL OF SETTLEMENT - 1
Case No. C09-0944 RSL

1. Except as specifically noted below, the Court for purposes of this Order Preliminarily Approving Class Action Settlement, Notice to Class Members, and Scheduling a Fairness Hearing for Final Approval of Settlement (the "Preliminary Approval Order") adopts the definitions set forth in the Settlement Agreement, unless otherwise defined herein.

2. The Settlement Agreement, any of the terms or provisions thereto, and any of the negotiations or proceedings connected with any of them shall not be referred to, offered as evidence, or received in any pending or future civil, criminal or administrative action or proceeding, except in a proceeding to enforce the terms of the Settlement Agreement.

3. **Certification of Settlement Class**. Solely for purposes of effectuating the proposed Settlement Agreement, Plaintiff has proposed conditional certification of the following Settlement Class under Federal Rule of Civil Procedure 23 (the "Class" or the "Settlement Class"):

> All Persons who at any time since June 9, 2005, through the date of the Preliminary Approval Order received on a Washington phone number a pre-recorded or artificial voice message for the purpose of commercial solicitation associated with, or delivered in whole or in part by, or on behalf of, Intuit.  The Class excludes:  (a) Intuit; (b) International Card Services, LLC; Albion Management Group, LLC; Voice Marketing, Inc.; and SBN Peripherals, Inc.; (c) all governmental entities; (d) the judge(s) to whom this case is assigned and any immediate family members thereof; and (e) any Person who timely and properly requested exclusion.

The Court hereby finds and concludes that the proposed Settlement Class satisfies all of the requirements for certification under Rule 23.

4. **Appointment of Class Representative and Class Counsel**. Solely for purposes of effectuating the proposed Settlement Agreement, the Court finds the proposed Class Representative, Global Education Services, Inc., to have claims typical of absent class members belonging to the Class and to be an adequate representative of those Class Members. The Court hereby appoints Global Education Services, Inc., to serve as the Class Representative. The Court further finds the Williamson & Williams firm to have experience

and expertise in prosecuting class actions such as this Action and hereby appoints this firm as Class Counsel.

5. **Preliminary Approval of Proposed Settlement.** The Court has reviewed the terms of the Settlement Agreement, as well as the papers submitted in connection with the Motion for Preliminary Approval, and all other relevant files, records and papers in this action. The proposed Settlement Agreement provides substantial monetary relief to the Class. The terms of the Settlement Agreement will be implemented by an independent Claims Administrator. The Court further concludes that the proposed Settlement Agreement is the result of extensive, arms-length negotiations between the parties and was executed after Class Counsel had investigated the claims and evaluated the strengths and weaknesses of the Plaintiff's claims. Based on all of these factors, the Court concludes that the proposed settlement has no obvious defects and is within the range of possible settlement approval, and that the Class Notice proposed herein is appropriate, and the Court hereby preliminarily approves the Settlement Agreement as fair, reasonable and adequate.

6. **Approval of Class Notice and Notice Plan.** The Parties have submitted for this Court's approval proposed forms of Class Notice, including a proposed Notice Plan. The Court finds and concludes that the forms of Class Notice, including the proposed Notice Plan, constitute the best practicable notice under the circumstances and are as likely as any other form of notice to apprise Class Members of the Settlement Agreement, the certification of the Class for purposes of settlement, and Class Members' rights to opt-out, object, and/or make a claim. The Court further finds and concludes that Class Notice, including the proposed Notice Plan, is reasonable, that it constitutes due, adequate and sufficient notice to all Persons entitled to receive notice, and that it meets the requirements of due process, satisfying Fed. R. Civ. Proc. 23, CR 23 and the Washington State and United States Constitutions.

Within fourteen (14) days after the entry of this Preliminary Approval Order, or as soon as reasonably practicable thereafter, the Parties shall cause the Direct Notice, in substantially the same form as Exhibit B of the Settlement Agreement, to be mailed by the Claims Administrator by first-class mail, postage prepaid, as required by Paragraph 8.3.1 of the Settlement Agreement (the "Direct Notice").   Immediately after the mailing of the Direct Notice, the Parties shall cause the Claims Administrator to have the Publication Notice, in substantially the same form as Exhibit C of the Settlement Agreement, to be published for three consecutive Sundays in the business section of the following newspapers:  (i) *The Seattle Times*; (ii) *The Tri-City Herald*; (iii) *The Spokesman-Review*; (iv) *The Tacoma News Tribune*; and (v) *The Columbian*, as required by Paragraph 8.3.2 of the Settlement Agreement. Commencing with the Claims Period, electronic copies of the Publication Notice, Settlement Agreement, Claim Form, and relevant deadlines for Class Members shall be made available online at a website maintained by the Claims Administrator.

7.     **Petition for Fee Award/Incentive Award.**  No later than seventy (70) days after date of entry of this Preliminary Approval Order, Class Counsel and Plaintiff shall file their petition for a Fee Award and Incentive Award and cause a copy of the papers filed in support of the petition to be made available on the website maintained by the Claims Administrator.

8.     **Deadline for Submitting Claim Forms.**  All Class Members who do not timely exclude themselves from the proposed Settlement Agreement will be bound by the Settlement Agreement.  Class Members who do not exclude themselves may submit a Claim Form in accordance with the terms of the Settlement Agreement.  The Claim Form must be fully completed, signed under penalty of perjury and submitted in accordance with the terms of the Settlement Agreement by **August 16, 2011** for a Class Member to be considered by the Claims Administrator for approval to receive any Settlement Award.

ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, NOTICE TO CLASS MEMBERS, AND
SCHEDULING FAIRNESS HEARING FOR FINAL
APPROVAL OF SETTLEMENT - 4
Case No. C09-0944 RSL

9.      **Fairness Hearing.**  The Court hereby schedules a Fairness Hearing on **September 15, 2011**, at **8:30 a.m.**, at the U.S. District Court for the Western District of Washington, 700 Stewart Street, Seattle, WA 98101, at which time the Court will determine whether the Settlement Agreement is fair, reasonable and adequate and should be finally approved.  At that time, the Court will determine whether to grant any Incentive Award or Fee Award requested by the Class Representative or Class Counsel.  The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class.  At or after the Fairness Hearing, the Court may enter a Final Approval Order and Final Judgment (forms of which are attached as Exhibits D and E, respectively, to the Settlement Agreement) that will adjudicate the rights of the Class Members.

10.     **Papers in Support of Settlement.**  The Parties to the Settlement Agreement may file any responses to objections by Class Members, if any, and additional papers in support of final approval of the proposed settlement no later than ten (10) calendar days prior to the Fairness Hearing.

11.     **Right to Exclude.**  Any Class Member may choose to be excluded from the Class by signing and returning a request for exclusion postmarked no later than **September 2, 2011** as set forth more fully in the Class Notice and Paragraph 8.4 of the Settlement Agreement.  Any Class Member who submits a valid request for exclusion shall have no rights under the Settlement Agreement.  All Class Members who do not request exclusion shall be bound by this Court's orders, including without limitation any Final Approval Order or Final Judgment entered in this Action.

12.     **Objections and Appearances**.  Any Class Member may object to the fairness, reasonableness or adequacy of the Settlement Agreement or the petition for the Fee Award and Incentive Award.  Class Members may do so either on their own or through counsel hired at their own expense.  Any Class Member who wishes to object to the Settlement Agreement

or petition for the Fee Award and Incentive Award must file with the Court a written statement of objection, along with any other supporting materials, papers or briefs that he or she wishes the Court to consider, no later than **September 2, 2011**, and must by that same date serve such papers by first-class mail on the following counsel for the Parties:

>Roblin Williamson, Esq.
>Williamson & Williams LLP
>17253 Agate St. NE
>Bainbridge Island, WA 98110

>Brian D. Buckley, Esq.
>Fenwick & West LLP
>1191 Second Ave., 10th Floor
>Seattle, WA 98101

Any Class Member who has served an objection may appear at the Fairness Hearing, either in person or through counsel hired at the Class Member's expense, and object to the fairness, reasonableness or adequacy of the Settlement Agreement. Any Class Member who wishes to be heard at the Fairness Hearing must also file with the Court a written notice of intent to appear by **September 2, 2011**, and must by that same date serve such notice of intent to appear on the counsel for the Parties at the addresses listed above. The Parties shall file any responses to Class Members' objections, if any, no later than **September 6, 2011**.

13. **Effect of Failure to Approve the Settlement Agreement.** In the event the Court or any other court: (a) disapproves, sets aside, or modifies the Settlement Agreement, (b) declines for any reason to enter or give effect to an order preliminarily approving the Settlement Agreement, (c) declines for any reason to enter or give effect to a final order approving the Settlement Agreement and entering final judgment; or (d) holds that any final order approving the Settlement Agreement and entering judgment, or any judgment entered pursuant thereto, should in any material part be overturned or modified in any material way, then the Settlement Agreement shall become null and void, the Action shall be deemed to

revert to its status as of the date and time immediately prior to the execution of the Settlement Agreement, and the parties shall jointly move that any and all orders entered pursuant to the Settlement Agreement be vacated and shall proceed with the Action as if the Settlement Agreement had never been executed; provided, however, that in the event that the parties, within fifteen (15) days of any such action of any court, jointly elect to appeal from or otherwise seek review or reconsideration of such court action, the Settlement Agreement shall not be deemed null and void until such time as such court action becomes final after any proceedings arising directly or indirectly from the parties' appeal(s) or other attempt(s) to have such court action reversed, withdrawn, or overturned.

14. **Stay of Proceedings.** All discovery and other pretrial proceedings in this action are hereby stayed and suspended until further order of the Court, except such actions as may be necessary to implement the Settlement Agreement and this Preliminary Approval Order. The trial date, all filing deadlines relating thereto and all discovery deadlines are hereby vacated.

15. Defendant is further directed to file a statement indicating that notice to the appropriate government officials has been provided as required by the Class Action Fairness Act, 28 U.S.C. § 1715(b).

**IT IS SO ORDERED.**

Dated: May 27, 2011

*[signature]*

Hon. Robert S. Lasnik
United States District Court Judge